Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Charles P. Kocoras | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 99 C 7005 | **DATE** | 6/19/2000 |
| **CASE TITLE** | Greer vs. Bd of Ed | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing re-set for 7/13/2000 at 9:30 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ General Rule 21 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Ruling held. **ENTER MEMORANDUM OPINION:** Plaintiff's motion (Doc 23-1) to compel is granted in part and denied in part. Plaintiff's motion to extend the discovery cut-off date is granted to July 13, 2000.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | | |
| | Notified counsel by telephone. | | JUN 2 0 2000 date docketed | |
| ✓ | Docketing to mail notices. | | | 30 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| SCT | courtroom deputy's initials | | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| TYRONE JUSTIN GREER,<br><br>Plaintiff,<br><br>vs.<br><br>THE BOARD OF EDUCATION OF<br>THE CITY OF CHICAGO, formerly or<br>presently known as the Chicago<br>School Reform Board of Trustees;<br>a municipal corporation of the<br>City of Chicago,<br><br>Defendant. | 99 C 7005<br><br>**DOCKETED**<br><br>JUN 2 0 2000 |

## MEMORANDUM OPINION

CHARLES P. KOCORAS, District Judge:

Before the Court is the Plaintiff's motion to compel the production of certain answers to interrogatories and documents from the defendant. For the reasons set forth below, we grant the motion in part and deny it in part.

### BACKGROUND

Plaintiff Tyrone Justin Greer ("Greer") brings this current action against defendant the Board of Education of the City of Chicago ("the Board") alleging racial discrimination and retaliatory conduct pursuant to Title VII of the Civil Rights Act of

30

1964, 42 U.S.C. § 2000(e)(5), and 42 U.S.C. § 1981. Greer voluntarily dismissed his age discrimination claim before this Court on February 10, 2000.

From 1990 to August 25, 1997, the Board employed Greer as an assigned teacher at South Shore Community Academy. Greer was reassigned to Collins High School from October of 1997, where he worked until June of 1998. On January 22, 1999, the Board terminated Greer's employment, but rehired him on August 19, 1999 as an assigned teacher at Gage Park High School.

Greer filed suit against the Board on October 26, 1999, alleging that it impeded him from obtaining an Options-for-Knowledge English position at Collins High School during the 1997-98 school year because of his race. He further alleges that the Board discriminated against him for filing two charges with the Equal Employment Opportunity Commission ("EEOC") on August 27, 1997 and May 12, 1999.

On May 3, 2000, Greer filed this motion to compel the Board to answer certain interrogatories and production requests. On May 9, 2000, this Court denied Greer's motion to compel documents numbered 1, 2, 3, 4, 5, 17, 20, and 21. We will examine in sequence the propriety of compelling the Board to comply with the remainder of Greer's interrogatories and requests for the production of documents.

## DISCUSSION

### A) Interrogatory No. 1:

Greer requests the Board's full response to its faculty integration policy ("the Policy") in relation to reassigned teachers and their displacement from their previous schools during the 1997-98 school year. The Board objects to this interrogatory claiming that it is not reasonably calculated to lead to the discovery of relevant and/or admissible evidence. The Board need not provide any additional information relating to this request because it has already provided Greer with a copy of its Policy. Furthermore, the Board states that it waived its Policy prior to the start of the 1997-98 school year in order to ensure the timely opening of schools for that year. The Board has satisfactorily answered this interrogatory.

### B) Interrogatory No. 11:

In this interrogatory, Greer requests the number of letters, and the racial identification of persons mentioned in such letters, that Xiomara Metcalfe may have sent to principals regarding the refusal of a teacher's assignment in compliance with the Policy during the 1997-98 school year. The Board objects to this request on the grounds that it is overly broad in that Greer has not identified a time period. We note that Greer has not alleged in his complaint that the Board has instituted a pattern of discrimination. Rather, Greer's charge against the Board is premised on conduct

towards Greer himself. In addition, the lack of a time period makes this request overbroad. We deny Greer's request.

**C) Interrogatory No. 12:**

Greer asks the Board in this interrogatory whether reassigned teachers were required to have a Faculty Integration Exception Request form submitted and approved before their appointment, even though these appointments would allegedly have a negative impact on faculty integration during the 1997-98 school year. In its response, the Board stated that it waived its Policy prior to the 1997-98 school year. Thus, requiring the submission and approval of a Faculty Integration Request Form is moot because the Board waived its integration policy prior to the 1997/98 school year. In addition, pursuant to Fed.R.Civ.P. 26(b)(2)(i), Greer could obtain such information by examining the Board's Policy of which he has a copy. The Board has sufficiently answered this request.

**D) Interrogatory No. 15:**

Greer next requests: (1) information regarding the Board's refusal to abide by all other arbitration awards issued during the 1998-99 school year; (2) the number of awards administered during the 1998-99 school year; (3) the number of awards not administered during the 1998-99 school year; (4) the names and racial identification of successful individuals; and (5) the names and racial identification of unsuccessful individuals. As to the information regarding the Board's alleged refusal to abide by

other arbitration awards issued during the 1998-99 school year, the Board objects on the grounds that it is vague, overly broad, irrelevant, violates attorney-client privilege, and not reasonably calculated to lead to the discovery of admissible evidence. We agree with the Board that this request is irrelevant because it does not pertain to Greer's present suit. Thus, the Board is not entitled to respond to such a request. The Board objects to numbers (2) through (5) on similar grounds. Greer's request for such information would not help establish his claim against the Board, thus it is irrelevant. Furthermore, pursuant to Fed.R.Civ.P. 26(b)(2)(iii), it would be unduly burdensome for the Board to provide this request and the burden would more than outweigh probative value that the information might have. Therefore, this Court denies Greer's request to compel production of this material.

**E) Document Request Nos. 6, 7, 8, and 9:**

In these requests Greer seeks copies of any and all: (1) Chicago Teachers Union's grievances filed against Frank Horton [the former principal of South Shore Community Academy during Greer's employment with the school]; (2) Chicago Teachers Union's grievances filed against Clement Smith [the former principal of Collins High School during Greer's employment with the school]; (3) any complaints filed in federal court with the names of Frank Horton and/or Clement Smith since September 24, 1994; and (4) any signed complaints submitted to any agency of the Board regarding the actions of former principals Frank Horton and/or Clement Smith.

The Board objects to these requests claiming that they are overly board, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence. We fail to see how any grievances filed against the two former principals are relevant to Greer's claim. Furthermore, complaints filed in federal court or submitted to any agency of the Board containing the names of Frank Horton and/or Clement Smith are similarly outside the scope of Greer's claim because we fail to see the relevancy of documents regarding grievances and complaints submitted by individuals other than Greer. He is entitled to documents regarding his current action against the Board, not those concerning others. See White v. Money Store, No. 96 C 5955, 1997 WL 126847, at *4 (N.D. Ill. March 18, 1997); Widermyre v. Transamerica Commercial Fin. Corp., No. 95 C 1329, 1995 WL 548642, at *1 (N.D. Ill. Sept. 13, 1995). Accordingly, we deny Greer's motion to compel these documents.

**F) Document Request No. 13:**

Greer next requests the production of any and all "detailed satisfactory explanation" submissions by Region 3 and/or Collins High School justifying their failure to comply with the Federal Consent Decree of 1980 since September 24, 1994. The Board claims the request is vague. We agree.

**G) Document Request No. 22:**

Finally, Greer requests the Board to produce copies of any and all records of individuals who may have signed out Greer's personnel file from any office

responsible for keeping such records between August 1, 1997 and September 30, 1997. The Board claims that it is unaware of the existence of any such documents and that it is continuing its investigation. Greer states in his complaint that, on or about August 26, 1997, Frank Horton obtained his personnel file and improperly removed key papers so as to damage Greer's efforts to retain his position at South Shore Academy. If such records exist where they reveal the names of individuals who may have signed out Greer's personnel file, then such records are relevant to Greer's claim of retaliatory conduct by the Board. Therefore, the Board is hereby ordered to undertake the appropriate effort to determine the existence of such records and produce them to Greer within twenty-one days.

## CONCLUSION

For the reasons set forth above, the Court denies Greer's motion to compel for Interrogatories Nos. 1, 11, 12, and 15. The Court denies Greer's motion to compel with respect to Production Requests 6, 7, 8, 9, and 13 and grants his motion with respect to Production Request No. 22.

_____
Charles P. Kocoras
United States District Judge

Dated: _____June 19, 2000_____